UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TCF NATIONAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>BEN S. BERNANKE, JANET L. YELLEN, KEVIN M. WARSH, ELIZABETH A. DUKE, DANIEL K. TARULLO, and SARAH BLOOM RASKIN, in their official capacities as members of the Board of Governors of the Federal Reserve System,<br><br>Defendants. | Case No. 4:10-cv-04149-LLP<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO CONSOLIDATE BRIEFING OR, IN THE ALTERNATIVE, TO CONTINUE HEARING AND EXTEND TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

Defendants Ben S. Bernanke, Janet L. Yellen, Kevin M. Warsh, Elizabeth A. Duke, Daniel K. Tarullo, and Sarah Bloom Raskin, in their official capacities, as members of the Board of Governors of the Federal Reserve System (the "Board"), by and through undersigned counsel, hereby seek a Court order consolidating the hearing on Plaintiff's Motion for a Preliminary Injunction with a hearing on the merits. In the alternative, Defendants request an order continuing the date for the hearing on Plaintiff's motion until at least Monday, January 17, 2011, and extending the time for Defendants to respond to Plaintiff's motion until Monday, December 20, 2010.

Defendants first seek consolidation in response to Plaintiff's unusual request for the Court to enjoin immediately a regulation that has not even been proposed for comment and that is not scheduled to go into effect until, at the earliest, July 21, 2011. Such consolidation is

permitted by both Rule 65(a)(2) of the Federal Rules of Civil Procedure and D.S.D. Civ. LR 65.1.

Plaintiff's complaint concerns debit card interchange fees that will be limited under the terms of an amendment to the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* (the "EFTA" or "the Act"), adopted as section 1075 of the Dodd-Frank Wall Street Reform and Consumer Financial Protection Act of 2010, Pub. L. No. 111-203, 124 Stat. 1376, 2068 (July 21, 2010) (the "Consumer Financial Protection Act").  Plaintiff claims that, under regulations to be adopted pursuant to the amendment, it will be unable to recover its costs connected with debit cards.  But, in accordance with the provisions of the Act, any such limitation would not occur until at the earliest July 21, 2011, the date on which the provision becomes effective.  *See* EFTA § 920(a)(9), 124 Stat. 2072 ("This subsection shall take effect at the end of the 12-month period beginning on the date of the enactment of the Consumer Financial Protection Act of 2010.").  No regulated bank, including Plaintiff, will be limited in the amount of interchange fee it can recover prior to this date as a result of the amendment.

Instead, a majority of the time between now and the effective date of the fee regulation will be devoted to the Board's actions in proposing and adopting the regulations called for by the amendments to the EFTA.  The Board is required to establish standards to ensure that the amount of interchange fees regulated banks, including Plaintiff, recover is "reasonable and proportional to the cost incurred by the issuer with respect to the transaction."  EFTA § 920(a)(3)(A), 124 Stat. 2068.  While the statute requires that a final regulation must be issued by April 21, 2011, *id.*,[1] the regulation must be issued "pursuant to section 553 of title 5," *id.* at § 920(a)(1), meaning that a notice of proposed rulemaking must be published, comments received

---

[1] Pursuant to the amended provisions of the EFTA, "[t]he Board shall prescribe regulations in final form not later than 9 months after the date of enactment of the Consumer Financial Protection Act of 2010." EFTA § 920(a)(3)(A), 124 Stat. 2068.

and assessed, and a final rule adopted and published at least 30 days before the effective date. 5 U.S.C. § 553. This rulemaking process has barely begun, and the Board has not even issued a proposed rule.

Moreover, Plaintiff has indicated that its request for a preliminary injunction "is in no way intended to interfere" with the formulation of these regulations and has emphasized its willingness to "cooperate with that project in whatever way possible so that the final regulations can be examined by this Court." Compl., Prayer for Relief, ¶ 5. Until final regulations are issued, then, the Court has nothing to examine.

Put differently, and as Plaintiff readily admits, *see* Compl., ¶ 97, the statutory structure mandates a nine-month period of time between enactment and final rulemaking, and another three-month period until the standards go into effect, so there is simply nothing for the Court to enjoin at the present time. Plaintiff has expressly disclaimed any interest in disturbing the Board's rulemaking process, and any regulation of interchange fees will not go into effect until July 21, 2011. Nor has Plaintiff requested that the Court's preliminary injunction take effect prior to that date. As explicitly stated in Plaintiff's proposed order, the injunction "does not prevent the Board from completing the rulemaking required by [the Act,]", and would only mandate that "no rule shall become effective on July 21, 2011, or thereafter . . . ." [Proposed] Findings of Fact, Conclusions of Law, and Order for Preliminary Injunction at 10, ¶ 2 (Dkt. No. 22).

The purpose of a preliminary injunction is to preserve the status quo, *see Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994), but, in this case, as a result of the rulemaking procedures and delayed implementation of the final regulations as called for by the Act, the status quo will be maintained until at least July 21, 2011, regardless of whether the Court takes

any action.  Judicial economy will therefore be best served by postponing the briefing and hearing date regarding Plaintiff's request for an injunction until sometime after April 21, 2011, the deadline for the Board to issue its final regulations.  Once that occurs, both parties would be in a position to fully brief the Court on the merits of Plaintiff's claims.

In the alternative, Defendants seek a continuance of the motion hearing set for Wednesday, November 24, 2010.  Plaintiff filed its brief in support of its motion on November 4, 2010.  Prior to even filing its brief, Plaintiff managed to have a hearing scheduled for November 24, 2010, the day before Thanksgiving.  Plaintiff did not consult with Defendants about the hearing date, nor did Plaintiff file a motion for an expedited briefing schedule.  According to D.S.D. Civ. LR 7.1B, Defendants have 21 calendar days to prepare their responsive brief "after service of a motion and brief."  Defendants received Plaintiff's brief on the evening of November 4, 2010.  Thus, Defendants' brief in opposition to Plaintiff's Motion for a Preliminary Injunction is not due until Friday, November 26, 2010, the day after Thanksgiving and two days *after* the currently scheduled hearing.  This highly truncated and inconvenient schedule, of course, does not even include any time for a reply brief, should Plaintiff decide to file such a brief (which would be due Friday, December 10, 2010 under the time frame contemplated by D.S.D. Civ. LR 7.1B).  Defendants therefore ask that the Court continue the hearing to a later, more appropriate date no earlier than January 17, 2011 after the Court has received and had time to review full briefing on this motion.

In addition, Defendants seek to extend their time to file a response to Plaintiff's motion until Monday, December 20, 2010.  Undersigned counsel was just assigned to the case and submitted a Notice of Appearance on November 10, 2010.  This extension is sought, and warranted, in this matter because Defendants intend to respond by presenting additional evidence

and law in opposition to Plaintiff's Motion for a Preliminary Injunction, supporting the constitutionality of a valid enactment of Congress. The additional material, crucial to informing the Court's deliberations, will not be ready in time to file a response by November 26, 2010. For all these reasons, more time is needed to prepare Defendants' brief.

Defendants have consulted with Plaintiff, who has not consented to a consolidated hearing on its motion for a preliminary injunction with the merits of the declaratory and injunctive relief sought in its Complaint. Plaintiff has also not consented to a continuance of the hearing on its motion for a preliminary injunction without assurances that a hearing can be held by mid-December. That is not something which Defendants can guarantee without sufficient time to prepare their brief, and, accordingly, the parties could not agree to continue the preliminary injunction hearing which is currently scheduled for November 24, 2010.

WHEREFORE, the Defendants request that the briefing schedule and hearing date regarding Plaintiff's request for a preliminary and permanent injunction be consolidated into one hearing to occur sometime after April 21, 2011, the deadline for the Board to issue its final regulations. Defendants submit that upon the Board issuing its final regulations, the parties could provide the Court with a proposed briefing schedule and request that the Court set the hearing for an appropriate date. In the alternative, Defendants request an extension of time to file a response on or after December 20, 2010 and a motion hearing to be scheduled no earlier than January 17, 2011.


Dated:  November 10, 2010              TONY WEST
                                       Assistant Attorney General

                                       BRENDAN V. JOHNSON
OF COUNSEL:                            United States Attorney, District of South Dakota

| | |
|---|---|
| KATHERINE H. WHEATLEY<br>Associate General Counsel<br>Board of Governors of the<br>  Federal Reserve System<br>20th & C Streets NW<br>Washington, DC 20551<br>202-452-3779 | DIANA RYAN<br>Assistant United States Attorney, District of South Dakota<br><br>ARTHUR GOLDBERG<br>Assistant Director,<br>Federal Programs Branch<br><br>s/ Bradley H. Cohen                                    <br><br>BRADLEY H. COHEN (DC Bar No. 495145)<br>NATHAN M. SWINTON<br>Trial Attorneys<br>Federal Programs Branch<br>U.S. Department of Justice, Civil Division<br>Telephone: (202) 305-9855<br>Fax: (202) 318-0486<br>Email: bradley.cohen@usdoj.gov<br><br>Mailing Address:<br>Post Office Box 883<br>Washington, D.C. 20044<br><br>Courier Address:<br>20 Massachusetts Ave, N.W.<br>Washington, D.C. 20001<br><br>**ATTORNEYS FOR DEFENDANTS** |