UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TCF NATIONAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>BEN S. BERNANKE, JANET L. YELLEN, KEVIN M. WARSH, ELIZABETH A. DUKE, DANIEL K. TARULLO, and SARAH BLOOM RASKIN, in their official capacities as members of the Board of Governors of the Federal Reserve System; and JOHN WALSH, in his official capacity as Acting Comptroller of the Currency,<br><br>Defendants. | Case No. 4:10-cv-04149-LLP<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S MAY 10 ORDER** |

## INTRODUCTION

This filing is in response to the Court's May 10, 2011 order requesting the parties' input on a schedule for a potential trial on the merits of Plaintiff's request for a permanent injunction. For the reasons set forth below and given the procedural posture of this case, a trial on the merits is unnecessary, and Defendants therefore oppose the scheduling of a trial.

Plaintiff's Complaint alleges that 15 U.S.C. §§ 1693o-2(a)(2) and (a)(4) violate the Due Process and Takings Clause of the Fifth Amendment and that 15 U.S.C. § 1693o-2(a)(6) violates the Equal Protection Clause of the Fourteenth Amendment. First, as an economic classification not involving a fundamental right or suspect classification, Plaintiff's challenge to the small issuer exemption provision (15 U.S.C. § 1693o-2(a)(6)) is a pure legal challenge to the statute subject to rational basis review. Findings of Fact, Conclusions of Law, and Order on Motion for

a Preliminary Injunction (Doc. No. 166) at 7.  Second, on the face of its Complaint, Plaintiff's due process challenge to § 1693o-2(a)(2) and (a)(4) (*i.e.*, setting of debit interchange fees that are reasonable and proportional to the costs incurred by the issuer) is a facial challenge to the statute. To the extent that Plaintiff's assertion that it is also challenging the final regulation influences the Court's view of whether a trial is necessary, that assertion is unavailing.  In contending that it is challenging the final regulation, Plaintiff admitted that its position is that "the ***terms of the Durbin Amendment*** make it impossible for the Board of Governors of the Federal Reserve System ('Board') to issue a rule in good faith that is not confiscatory and hence is constitutional. By definition . . . any final rule will be unconstitutional.  ***In that sense***, TCF has always 'challenge[d] the final regulations' and still does."  Pl.'s Letter in Response to the Court's May 5, 2011 Order (Doc. No. 172) at 1-2 (emphasis added).  Thus, Plaintiff is in no sense bringing a separate challenge to the constitutionality of the final regulation.[1]

As the Court has found, Plaintiff's due process and equal protection claims are subject to rational basis review and simply require the Court to ascertain whether they bear reasonable relationship to a proper legislative purpose, regardless of any facts put forth by Plaintiff.  *See* Doc. No. 166 at 6, 7.  These are purely legal questions that the Court should decide without the need for a trial on the merits.  The Court should therefore, in consultation with the parties, set a

---

[1] Plaintiff has not asserted that the final regulation violates the Constitution in its Amended Complaint.  Rather, Plaintiff cites five paragraphs of its Amended Complaint, all of which allege that <u>the statute</u>, not the regulation, compels a "confiscatory rate or fee."  Doc. No. 172 at 1, n.1. Furthermore, Plaintiff has apparently disclaimed its intent to challenge the final regulation by requesting that the Court set a trial in this case for June 6, 2011, even if the final regulation has not been issued.  *See* Pl.'s Letter in Response to the Court's May 10, 2011 Order (Doc. No. 174) at 1.  This concession simply reaffirms that Plaintiff, by the terms of its Amended Complaint, has brought only a facial challenge to § 1693o-2(a).

summary judgment briefing schedule which allows the parties sufficient time to resolve all of the claims in Plaintiff's Amended Complaint.[2]

Although a trial is unnecessary for the above-stated reasons, should the Court still wish to set a trial date, it should not occur before issuance of the final regulation. In addition, Defendants cannot be ready for trial on the schedule proposed by Plaintiff because they would first need to depose Plaintiff's witnesses and experts who have already submitted affidavits and declarations in support of its preliminary injunction motion, and would also need document discovery on any issues of material fact which remain in dispute.[3] For example, Defendants may need document discovery on issues such as Plaintiff's contract with Visa. Should Plaintiff claim that the final rule is unconstitutional because it denies Plaintiff the ability to recover its costs or earn a profit, Defendants would need discovery on Plaintiff's profits, revenues, and costs relating to debit cards and checking accounts, among other issues. Moreover, Defendants would reserve the right to put forth their own expert witnesses, many of whom are currently involved with the drafting of the final regulation and would be unavailable until it is issued. Therefore, Defendants would propose that any trial date not be set before November 2011, at the earliest.

A. **Plaintiff's claims involve only pure issues of law and do not require a trial on the merits**

Because Plaintiff has brought only a facial attack on § 1693o-2(a), there are no material factual disputes and this Court should decide this case on the basis of Defendants' dispositive motion. In such cases, factual development is not warranted, and indeed, is improper. The

---

[2] As explained by Defendants in their prior briefs, Plaintiff has alleged a regulatory takings claim in its Amended Complaint, but has neither raised nor developed this argument at any other stage of this case, including in its motion for a preliminary injunction. *See* Defs.' Reply Mem. in Supp. of Defs.' Mot. to Dismiss Pl.'s Claims for Failure to State a Claim Upon Which Relief Can Be Granted and for Lack of Subject Matter Jurisdiction (Doc. No. 140) at 19, n.21.

[3] Defendants have not heretofore raised the issue of discovery because it is their position that this case presents pure issues of law that can be resolved on the pleadings.

Eighth Circuit has made clear that facial challenges to the constitutionality of statutes present pure questions of law. *St. Croix Waterway Ass'n v. Meyer*, 178 F.3d 515, 519 (8th Cir. 1999) ("[B]ecause the Association's complaint asserted a facial constitutional challenge, the issues presented to the district court were questions of law and the specific facts were not relevant."); s*ee also Odle v. Decatur Cnty., Tenn.*, 421 F.3d 386, 389 (6th Cir. 2005) ("Because Plaintiffs present facial challenges to the Act and a related ordinance, the resolution of this appeal does not depend on the resolution of any factual disputes but rather on questions of statutory interpretation . . . , i.e., questions of law."); *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1435 (9th Cir. 1996) (stating that whether a regulation "can withstand a facial challenge under the Fifth and First Amendments" presents "pure questions of law that require no factual development").

This point is especially true where, as here, and as both Plaintiff and this Court have recognized, the facial challenge is governed by rational basis review. *See* Pl.'s Mem. in Supp. of its Mot. for Prelim. Inj. (Doc. No. 16) at 17; Findings of Fact, Conclusions of Law and Order on Mot. for Prelim. Inj. (Doc. No. 166) at 6-7. The resolution of factual disputes has no place in a court's rational basis review of a statute's constitutionality. In *FCC v. Beach Communications, Inc.*, the Supreme Court stated that rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." 508 U.S. 307, 313 (1993). Instead, a law must be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* Indeed, if there "are 'plausible reasons' for Congress' action," a court's "'inquiry is at an end.'" *Id.* at 313-14 (quoting *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980)). Accordingly, this Court need not determine "whether the conceived reason for the challenged [statute] actually motivated the legislature," nor should it accord any significance if

there were an "absence of 'legislative facts,'" because "a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *Id.* at 315. *See also, e.g.*, *Heller v. Doe*, 509 U.S. 312, 319-21 (1993) (noting that rational basis review "does not require the [government] to place any evidence in the record, let alone the extensive evidentiary showing that would be required for these statutes to survive heightened scrutiny," and recognizing that a "statute is presumed constitutional" under rational basis review). The Eighth Circuit has likewise recognized this point. *See Hawkeye Commodity Promotions, Inc. v. Vilsack*, 486 F.3d 430, 443 (8th Cir. 2007) ("[A] a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data.") (quoting *Beach Commn'cs*, *supra,* 508 U.S. at 315).

Given the absence of any factual disputes to be resolved in this case, a trial is unwarranted. The Court has already ruled that Plaintiff is unlikely to succeed on its due process and equal protection challenges to § 1693o-2(a) and that the statute likely satisfies the rational basis test applicable to both claims. Findings of Fact, Conclusions of Law and Order on Mot. for Prelim. Inj. (Doc. No. 166) at 6-7.

**B.** **Instead of setting a trial on the merits, the Court should adopt a briefing schedule for summary judgment**

At this point in the proceedings it is unclear what, if any, factual issues exist that would require a trial.[4] Instead, Defendants seek the Court's permission to set a briefing schedule for summary judgment. In filing its dispositive motion, Defendants propose to address all of Plaintiff's claims, including its regulatory takings challenge which has not been previously

---

[4] This is especially true in light of the Court's Conclusions of Law which state only why Plaintiff's due process and equal protection claims are likely to fail as a matter of law, but do not explain how, under rational basis review, Plaintiff could state a claim upon which relief can be granted, under any set of facts. Findings of Fact, Conclusions of Law and Order on Mot. for Prelim. Inj. (Doc. No. 166) at 5-7.

briefed. After a ruling on Defendants' motion for summary judgment, which will either resolve the matter entirely or at least identify with some specificity issues that remain, the Court could then set a scheduling conference to resolve any outstanding issues before a trial on the merits could take place.

### C. If the Court determines that a trial is necessary in this case, it should set the trial for no earlier than November 2011

Although Defendants maintain that a trial is unnecessary in this case for the reasons stated above, should the Court still wish to set a trial date, any trial should be set after the final regulation is issued, and allow for several months for preparation. First, to the extent that the Court may deem Plaintiff's Amended Complaint to include a challenge to the Board's final rule, it makes little sense to hold a trial <u>before</u> the promulgation of that rule. Second, Plaintiff has submitted affidavits and declarations from a total of eight individuals, including economists, TCF Bank officials, and Visa officials, each of whom Defendants would seek to depose in preparation for trial. In addition, Defendants would need document discovery in advance of depositions and a trial. Defendants, moreover, would reserve the right to put forth their own expert witnesses. Although the details of the parties' trial preparation could be addressed in a scheduling conference with the Court following the resolution of all dispositive motions in the case, in view of these factors, a trial should not be set prior to November 2011.

### CONCLUSION

Defendants oppose scheduling a trial because this is a purely legal challenge that can be resolved on dispositive motions. If the Court nevertheless determines that a trial is necessary, it should not be scheduled until November 2011.

Given the complexities surrounding the current procedural posture of this case, Defendants' Counsel is available for a scheduling conference.

| | |
|---|---|
| Dated: May 13, 2011 | TONY WEST<br>Assistant Attorney General<br><br>BRENDAN V. JOHNSON<br>United States Attorney, District of South Dakota<br><br>DIANA RYAN<br>Assistant United States Attorney, District of South Dakota<br><br>ARTHUR R. GOLDBERG<br>Assistant Director,<br>Federal Programs Branch<br><br>s/ Bradley H. Cohen |
| *OF COUNSEL*:<br>KATHERINE H. WHEATLEY<br>Associate General Counsel<br>YVONNE F. MIZUSAWA<br>Senior Counsel<br>Board of Governors of the<br> Federal Reserve System<br>20th & C Streets NW<br>Washington, DC 20551<br>202-452-3779 | |
| *OF COUNSEL*:<br>HORACE G. SNEED<br>Director of Litigation<br>ERNEST C. BARRETT, III<br>Senior Counsel<br>Office of the Comptroller of<br>the Currency<br>250 E. Street, S.W.<br>Washington, DC 20219<br>202-874-4822 | BRADLEY H. COHEN (DC Bar No. 495145)<br>NATHAN M. SWINTON (NY Bar No. 802649)<br>Trial Attorneys<br>Federal Programs Branch<br>U.S. Department of Justice, Civil Division<br>Telephone: (202) 305-9855<br>Fax: (202) 318-0486<br>Email: bradley.cohen@usdoj.gov<br><br>Mailing Address:<br>Post Office Box 883<br>Washington, D.C. 20044<br><br>Courier Address:<br>20 Massachusetts Ave, N.W.<br>Washington, D.C. 20001<br><br>**ATTORNEYS FOR DEFENDANTS** |

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, a copy of the Defendants' foregoing pleading was filed electronically via the Court's ECF system, which sent notification of such filing to counsel of record.

                                         s/ Bradley H. Cohen
                                         BRADLEY H. COHEN
                                         Trial Attorney
                                         Federal Programs Branch
                                         U.S. Department of Justice, Civil Division
                                         Telephone: (202) 305-9855
                                         Fax: (202) 318-0486
                                         Email: bradley.cohen@usdoj.gov